No. 15-10698

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

TERRY LOCKLEAR,
Plaintiff-Appellant,
v.
DOW JONES & COMPANY, INC.,
Defendant-Appellee.

On Appeal From The United States District Court
For The Northern District Of Georgia
Docket No. 1:14-cv-00744-MHC
Honorable Mark H. Cohen

**DEFENDANT-APPELLEE'S MOTION FOR SUMMARY
AFFIRMANCE UPON ISSUANCE OF MANDATE
IN *ELLIS V. CARTOON NETWORK***

Natalie J. Spears
Anthony T. Eliseuson
Kristen C. Rodriguez
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, Illinois 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
natalie.spears@dentons.com
anthony.eliseuson@dentons.com
kristen.rodriguez@dentons.com

Richard H. Sinkfield
Georgia Bar No. 649100
Julia B. Stone
Georgia Bar No. 200070
ROGERS & HARDIN, LLP
2700 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303
Telephone: (404) 522-4700
Facsimile: (404) 525-2224
rsinkfield@rh-law.com
jstone@rh-law.com

*Attorneys for Defendant-Appellee
Dow Jones & Company, Inc.*

No. 15-10698

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

TERRY LOCKLEAR,
Plaintiff-Appellant,
v.
DOW JONES & COMPANY, INC.,
Defendant-Appellee.

On Appeal From The United States District Court
For The Northern District Of Georgia
Docket No. 1:14-cv-00744-MHC
Honorable Mark H. Cohen

**DEFENDANT-APPELLEE'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

In accordance with Rule 26.1 and 28 of the Federal Rules of Appellate Procedure and Eleventh Circuit Rules 26.1-1 through 26.1-3, and 27-1(a)(9), Defendant-Appellee Dow Jones & Company, Inc. ("Dow Jones"), by and through its undersigned attorneys, hereby submits the following list of the trial judge, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock:

*Terry Locklear, Plaintiff-Appellant v.*
*Dow Jones & Company, Inc., Defendant-Appellee,*
*Case No. 15-10698*

Andrews, Ryan D. (attorney for Plaintiff-Appellant)

Balabanian, Rafey S. (attorney for Plaintiff-Appellant)

Cohen, Honorable Mark H. (United States District Judge for the Northern District of Georgia)

DENTONS US LLP (attorneys for Defendant-Appellee)

Dow Jones & Company, Inc. (Defendant-Appellee)

Edelson, Jay (attorney for Plaintiff-Appellant)

EDELSON P.C. (attorneys for Plaintiff-Appellant)

Eliseuson, Anthony T. (attorney for Defendant-Appellee)

Jordan, Jennifer A. (attorney for Plaintiff-Appellant)

Larry, James D. (attorney for Plaintiff-Appellant)

Locklear, Terry (Plaintiff-Appellant)

News Corporation (indirect parent company of Defendant-Appellee; stock ticker symbol NWS and NWSA)

Perlstadt, Roger (attorney for Plaintiff-Appellant)

Richman, Benjamin H. (attorney for Plaintiff-Appellant)

Rodriguez, Kristen (attorney for Defendant-Appellee)

ROGERS & HARDIN, LLP (attorneys for Defendant-Appellee)

*Terry Locklear, Plaintiff-Appellant v.
Dow Jones & Company, Inc., Defendant-Appellee,
Case No. 15-10698*

Ruby Newco, LLC (direct parent of Defendant-Appellee)

Sinkfield, Richard H. (attorney for Defendant-Appellee)

Spears, Natalie J. (attorney for Defendant-Appellee)

Stone, Julia B. (attorney for Defendant-Appellee)

THE JORDAN FIRM, LLC (attorneys for Plaintiff-Appellant)

*Terry Locklear, Plaintiff-Appellant v.*
*Dow Jones & Company, Inc., Defendant-Appellee,*
*Case No. 15-10698*

## CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Circuit Rule 26.1-1 to 26.1-3, Defendant-Appellee Dow Jones & Company, Inc. ("Dow Jones"), through its undersigned counsel, provides the following corporate information:

Dow Jones is a Delaware Corporation with its principal place of business in New York.  News Corporation (stock ticker NWS and NWSA), a publicly held company, is the indirect parent corporation of Dow Jones.  Ruby Newco, LLC, a subsidiary of News Corporation and a non-publicly held company, is the direct parent of Dow Jones.  No publicly held company directly owns 10% or more of the stock of Dow Jones.  News Corporation has no parent company and no publicly held company owns 10% or more of its shares.

## INTRODUCTION

Defendant-Appellee Dow Jones & Company, Inc. ("Dow Jones"), by and through its undersigned attorneys, and pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Eleventh Circuit Rule 27-1, respectfully moves for summary affirmance in its favor upon the issuance of the mandate in *Ellis v. The Cartoon Network, Inc.*, 11th Cir. No. 14-15046.  On May 11, 2015, the Court granted Plaintiff-Appellant's Motion to hold this appeal in abeyance pending the issuance of the mandate in *Ellis*.  On October 9, 2015, the *Ellis* court issued its decision affirming the judgment below, a copy of which is attached as Exhibit 1.  On December 11, 2015, the Court denied Ellis's petition for panel rehearing and rehearing *en banc*.  The *Ellis* decision is controlling here and disposes of this appeal on the identical issue as in *Ellis*—namely, that Plaintiff-Appellant Terry Locklear ("Locklear") is not a "subscriber" under the Video Privacy Protection Act.

Pursuant to Eleventh Circuit Rule 27-1(a)(4), undersigned counsel states that no prior action has been taken by this Court or any other court or judge regarding the specific relief requested in this Motion beyond the prior above-referenced motion to hold in abeyance.

Undersigned counsel further states that she has conferred with counsel for Locklear in this appeal, who has indicated that Locklear is waiting for the mandate to issue and takes no position on this Motion at this time.

In further support of this motion, Dow Jones states:

### The Video Privacy Protection Act ("VPPA")

1. The statute at issue in this appeal, and in *Ellis*, is the Video Privacy Protection Act ("VPPA"). The VPPA prohibits "video tape service providers" from knowingly disclosing, to a third-party, "personally identifiable information concerning any consumer." 18 U.S.C. § 2710(b). Aggrieved "consumers" may recover "actual or liquidated damages of at least $2,500, punitive damages, attorneys' fees and costs, and other appropriate preliminary and equitable relief." *Ellis v. The Cartoon Network, Inc.*, No. 14-15046, __ F.3d ___, 2015 WL 5904760, at *1 (11th Cir. Oct. 9, 2015); *see* 18 U.S.C. § 2710(c). The VPPA defines "consumer" as "any renter, purchaser, or subscriber of goods or services from a video tape service provider." *Id.* at § 2710(a)(1). The Act does not define the term "subscriber."

## The Decision in *Ellis v. The Cartoon Network*

2.  Plaintiff-Appellant Ellis contended that he was a "subscriber" of Cartoon Network and its CN app and therefore a "consumer" under the VPPA when he "downloaded Cartoon Network's free CN app on his Android smartphone to watch video clips." *Ellis,* at *2-3.

3.  The Eleventh Circuit disagreed. Based on the ordinary meaning of the term "subscriber," the court found that "merely downloading the CN app for free and watching videos at no cost does not make [Ellis] a 'subscriber'" under the VPPA. *Ellis*, at *4. Accordingly, the court affirmed dismissal of the lawsuit on this basis.

4.  In so holding, the *Ellis* court reversed the district court on the question of whether Ellis was a subscriber, and pointed out that the district court's ruling in this case against Dow Jones came to the same flawed conclusion regarding Locklear's subscriber status. *See Ellis*, at *4 (citing *Locklear v. Dow Jones & Co., Inc.,* 101 F. Supp. 3d 1312 (N.D. Ga. 2015)); *see also Ellis*, at *5 (finding *Yershov v. Gannett Satellite Info Network, Inc.*, ___ F. Supp. 3d ___, 2015 WL 2340752, at *9–10 (D. Mass. May 15, 2015) to be the "better reasoned" of the existing decisions on the subscriber issue, contrasting those with *Locklear*).

## Argument

5.  The *Ellis* decision mandates summary affirmance here. The reasons why Ms. Locklear is not a subscriber to Dow Jones or its free Wall Street Journal Live channel app on Roku are precisely the same reasons why Mr. Ellis was not a subscriber to Cartoon Network or its free CN app on his Android phone.

6.  Summary affirmance is appropriate in those circumstances in which "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . ." *United States v. Webb,* 536 F. App'x 851, 853 (11th Cir. 2013) (quoting *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)).[1] Here, based on the binding precedent presented in *Ellis*, Dow Jones is "clearly right as a matter of law" such that there is "no substantial question" as to whether Locklear qualifies as a "subscriber" under the VPPA. The answer under *Ellis* is clear: she does not.

7.  As the parties fully briefed in the district court proceedings, Locklear alleged that she downloaded the Wall Street Journal Live channel application (the "WSJ Channel") on her Roku device. (R. Doc.

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), adopted all Fifth Circuit decisions issued before October 1, 1981 as binding precedent.

- 4 -

21-1 at 3.)  As described in Locklear's Complaint, the "WSJ Channel is a digital software application that allows consumers to view Wall Street Journal's news and entertainment programming on their televisions via Roku's media-streaming device."  (Am. Compl., R. Doc. 18 at ¶ 9.)  Just as one downloads an application (or an "app") onto one's smart phone (like Ellis did), Roku device users "download applications (called 'channels') that allow them to view specific television shows or video clips on their devices."  (*Id.* at ¶ 10.)

8. The WSJ Channel is one of many apps available for Roku users, and it provides a variety of free on-demand video content.  (*Id.*)  Plaintiff did not allege that she registered with Dow Jones or the WSJ Channel, received a WSJ Channel user ID, or completed a customer profile of any kind with the WSJ Channel—nor could she.  (R. Doc. 21-1 at 9, citing Am. Compl., R. 18 at ¶ 38.)  Locklear did not allege that Dow Jones even knows Plaintiff's name or identity.  By her own allegations, Locklear has no relationship with Dow Jones, no continuing obligation to Dow Jones, and no repercussions for either using or not using the "on demand" WSJ Channel app.  (*See* R. Doc. 26 at 16-17.)

9. Thus, Ms. Locklear and Mr. Ellis took the same actions with regard to their respective devices: they both allegedly made free downloads, and watched content for free on an at-will basis, and could have deleted the app from their device at any point. Accordingly, Locklear is not a "subscriber" under the VPPA for the same reasons Ellis is not a "subscriber" and summary affirmance is appropriate. In fact, this Court could simply substitute "Cartoon Network" for "Dow Jones"; "CN" for "WSJ Channel"; and "Ellis" for "Locklear" in the text of the express holding in *Ellis*, and the holding would apply with full force here:

> [Ms. Locklear] did not sign up for or establish an account with [Dow Jones], did not provide any personal information to [Dow Jones], did not make any payments to [Dow Jones] for use of the [WSJ Channel] app, did not become a registered user of [Dow Jones] or the [WSJ Channel] app, did not receive a [WSJ Channel] ID, did not establish a [Dow Jones] profile, did not sign up for any periodic services or transmissions, and did not make any commitment or establish any relationship that would allow h[er] to have access to exclusive or restricted content. [Ms. Locklear] simply watched video clips on the [WSJ Channel] app, which [s]he downloaded onto h[er] [Roku device] for free. In our view, downloading an app for free and using it to view content at no cost is not enough to make a user of the app a "subscriber" under the VPPA, as there is no ongoing commitment or relationship between the user and the entity which owns and operates the app. Importantly, such a user is free to delete the app without consequences whenever he

likes, and never access its content again. The downloading of an app, we think, is the equivalent of adding a particular website to one's Internet browser as a favorite, allowing quicker access to the website's content. Under the circumstances, [Ms. Locklear] was not a "subscriber" of [Dow Jones] or its [WSJ Channel] app.

*See Ellis*, at *6.

10.     Given that the same legal question that was dispositive in *Ellis* will be dispositive here and will turn on the same essential facts, requiring the parties to engage in full briefing and potentially oral argument is wasteful of the Court's judicial resources and the parties' resources, and would be patently inefficient.  Indeed, the district court below recognized that "[t]he instant case is indistinguishable from *Ellis*." *Locklear*, 101 F. Supp. 3d at 1318.  As Locklear herself recognized in her Motion to hold this appeal in abeyance pending *Ellis*, such relief potentially "would avoid duplicative briefing (and potentially oral argument) that may ultimately end up being unnecessary" (Motion to Hold in Abeyance at p. 1).  In light of the ultimate ruling in *Ellis*, that is the case now.

- 7 -

Dated:  December 18, 2015         Respectfully submitted,

                                  /s/ Natalie J. Spears

| | |
|---|---|
| Natalie J. Spears | Richard H. Sinkfield |
| Anthony T. Eliseuson | Georgia Bar No. 649100 |
| Kristen C. Rodriguez | Julia B. Stone |
| DENTONS US LLP | Georgia Bar No. 200070 |
| 233 South Wacker Drive | ROGERS & HARDIN, LLP |
| Suite 5900 | 2700 International Tower |
| Chicago, Illinois 60606 | 229 Peachtree Street, NE |
| Telephone: (312) 876-8000 | Atlanta, Georgia 30303 |
| Facsimile: (312) 876-7934 | Telephone: (404) 522-4700 |
| natalie.spears@dentons.com | Facsimile: (404) 525-2224 |
| anthony.eliseuson@dentons.com | rsinkfield@rh-law.com |
| kristen.rodriguez@dentons.com | jstone@rh-law.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2015, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Natalie J. Spears*

85328555